---

(52 Misc. Rep. 273

## In re PEARSON'S ESTATE.

(Surrogate's Court, Kings County. December, 1906.)

WILLS—CONSTRUCTION—DESIGNATION OF BENEFICIARIES.

Testator gave legacies to certain charitable organizations, describing them by names which are not their technical corporate names. *Held*, that the surrogate would determine, from the language employed, the names of such charitable institutions as might come within the language, and by other appropriate evidence, the legatees intended by the testator.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1044.]

In the matter of the judicial settlement of the executor of David Pearson, deceased. Decree granted.

Bartow S. Weeks, for accountant.

William P. Maloney, for respondents Clifford C. and Gertrude G. Pearson.

Omar Powell, for respondents Robert H. and Florence J. Pearson.

Pearsall, Kapper & Pearsall, by T. E. Pearsall, for respondent, William Wallace Pearson.

Ezekiel Fixman, pro se.

Hoadly, Lauterbach & Johnson, by Mr. Minrath, for Hebrew Orphan Asylum of City of New York, and Mt. Sinai Hospital of City of New York.

Joseph F. Daly, for Roman Catholic Orphan Asylum in City of New York.

John R. Kuhn, for St. Mary's Hospital of City of Brooklyn.

Lord, Day & Lord, by Mr. Carlton, for Society for Relief of Half Orphan & Destitute Children in City of New York.

William G. De Witt, for Orphans' Home & Asylum of Protestant Episcopal Church in New York.

CHURCH, S. By the will of the deceased it appears that a number of provisions therein were for the benefit of various hospitals and similar institutions. As the deceased died within three days after making the will in question, a number of these devises fail by virtue of the institutions affected thereby coming within the provisions of the Laws of 1848. In many of the instances, also, it happens that the language used by the testator in the will in describing these institutions is not the technical corporate name of any institution in existence; and, as there are several institutions in each case having a name approximating that used by the testator, the question in such cases is as to which institution is entitled to the legacy in question.

With relation to the provisions in such will for the benefit of St. Mary's Hospital of the City of Brooklyn, it appears that Robert H. Pearson, a residuary legatee under the will of the deceased, brought an action in the Supreme Court to have various bequests to the said corporations declared illegal and void, and that the said St. Mary's Hospital demurred to such complaint. Upon the argument of such demurrer it was determined that the legacy for the benefit of the said St. Mary's Hospital was illegal and void, and judgment was entered accordingly, which judgment has been affirmed by the Appellate Division of this department. Even if I were disposed to question the correctness of this decision, which I am not, the same is res adjudicata, and should be followed by me in entering the decree settling the account of the executor.

Under the will a bequest was made in the name of the Hebrew Orphan Asylum. It appears that there are in the city of New York three institutions of somewhat similar names; the technical names in each case being as follows: (1) Hebrew Benevolent and Orphan Asylum Society of New York; (2) Brooklyn Hebrew Orphan Asylum; and (3) Hebrew Sheltering & Guardian Society of New York. The two latter societies do not appear, although cited; and the affirmative evidence in this case

establishes satisfactorily to my mind that in the use of the words "Hebrew Orphan Asylum" the testator intended the bequest to go to the Hebrew Benevolent Orphan Asylum Society.

In relation to the bequest of $2,000 to the Protestant Orphan Asylum of New York, it appears that there are two institutions of a similar name: (1) The Orphans' Home & Asylum of the Protestant Episcopal Church, and (2) the Society for the Relief of Half Orphan & Destitute Children. No proof is offered showing which of these institutions was intended. If the Orphans' Home & Asylum of the Protestant Episcopal Church was intended, the bequest must fall, as it was organized under the Laws of 1848. The Society for the Relief of Half Orphan & Destitute Children was not organized under that statute, but its name is so dissimilar that I do not think it was within the meaning of the testator. The fact that it has failed to substantiate by any proof that it was, possibly, the object of the testator's bounty confirms that belief; and hence such bequest must fall.

In relation to the bequest to the New York Catholic Orphan Asylum, it appears that there are two institutions of somewhat similar names, namely: (1) The Roman Catholic Orphan Asylum Society of the City of New York; (2) the New York Catholic Protectory. No appearance is made on behalf of the New York Catholic Protectory, and no evidence is offered showing that it was an institution within the contemplation of the testator. It appears from its scope and purpose that such institution was not intended as an orphan asylum, but rather as a reformatory institution. On the other hand, the New York Roman Catholic Orphan Asylum Society of the City of New York is so similar in name to that used by the testator that it is, undoubtedly, the institution intended by him to receive the benefit of his bounty, particularly as it is in evidence that it was the wish of the deceased to have his money go to the class of institutions which are specifically formed for the purpose of looking after orphan children. As this institution was not incorporated under the statute of 1848, there is no prohibition against its receiving the legacy in question.

The bequests to the Roosevelt Hospital, the Children's Aid Society, the Mt. Sinai Hospital, the Sydenham Hospital, and the Presbyterian Hospital must fall, as it appears that they were each of them within the prohibition in question.

Let decree be prepared settling the accounts of the executor herein in accordance with the views indicated.

Decreed accordingly.